Patricia Britt Hale v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-108-CR

PATRICIA BRITT HALE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury found Appellant Patricia Britt Hale guilty of driving while intoxicated (DWI) and assessed her punishment at ninety days’ confinement probated for fourteen months and a $700 fine.  In three issues, Hale contends that the evidence is legally and factually insufficient to support her conviction and that the trial court abused its discretion by overruling her motion for new trial.  We will affirm.

In her first and second points, Hale complains that the evidence is legally and factually insufficient to support her conviction.  A person commits the offense of DWI if she operates a motor vehicle in a public place while intoxicated.  
Tex. Penal Code Ann.
 § 49.04 (Vernon 2003).  Hale does not identify any particular element of the offense of DWI that she contends is supported by legally or factually insufficient evidence, but instead generally asserts that the evidence is legally and factually insufficient.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict.  
Cardenas v. State, 
30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).  The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
McDuff v. State
, 939 S.W.2d 607, 614 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the 
verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id.
 at 8-9; 
Clewis,
 922 S.W.2d at 136.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

In the case before us, we have made a complete and detailed examination of all the relevant evidence and have determined that 
a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
See McDuff
, 939 S.W.2d at 614.  
Specifically, the arresting officer testified that at approximately 11:30 p.m. on the evening of March 30, 2001, he saw a vehicle driven by Hale weaving and straddling the lane marker on the service road.  When he stopped Hale, he smelled alcohol and administered the HGN and walk-and-turn field sobriety tests to Hale.  She failed both of them. The defense put on evidence that Hale failed the sobriety tests due to medical abnormalities of her eyes and feet, and not due to intoxication.  Doctor Joseph Citron, an ophthalmologist, testified that 
Hale has congenital ptosis, or droopy eyelids, and essential blepharospasm, or uncontrollable fluttering eyelids, both of which would have affected her performance of the HGN test.  In addition, Citron testified that x-rays of Hale’s feet indicate that she has bilateral congenital clubfeet, which would make it very difficult for her to walk in a straight line or balance on one leg.  Viewing all of the evidence in a neutral light, we have determined that sufficient evidence exists supporting each element of the offense of DWI and that manifest injustice has not occurred.  We therefore defer to the fact finders’ decision.  
See Johnson
, 23 S.W.3d at 9, 12.  We overrule Hale’s first and second points.

In her third point, Hale argues that the trial court erred by overruling her motion for new trial.  Her motion asserted that the court reporter improperly failed to record voir dire.  Specifically, Hale’s motion for new trial claims that the trial court “violated the mandatory provisions of Rule 13.1(a) of the Texas Rules of Appellate Procedure.”
(footnote: 2)  The trial court conducted a hearing on Hale’s motion for new trial.  At the hearing, Hale testified that her trial attorneys never asked her if she would agree to waive the transcription of voir dire.  In response, the State introduced into evidence the affidavit of Toni Freeman, the court reporter.  Freeman states in her affidavit that before trial commenced she asked Hale’s counsel if he “needed voir dire examination of the prospective jury panel taken, to which he said he did not.”

Hale’s counsel’s alleged affirmative representation to the court reporter that he did not need voir dire transcribed is akin to a defendant’s affirmative representation that he has “no objection” to the admission of particular evidence.  
See, e.g., Dean v. State
, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988) (holding that when an accused affirmatively asserts during trial that he has “no objection” to the admission of the complained of evidence, he waives any error in the admission of the evidence).  The trial court is granted wide latitude in exercising the decision to grant or deny a motion for new trial, and in the absence of an abuse of discretion, an appellate court should not reverse. 
Lewis v. State
, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).  Here, in light of Freeman’s affidavit indicating that Hale’s counsel affirmatively waived transcription of voir dire, we cannot say that the trial court abused its discretion in denying Hale’s motion for new trial.  
See id
.

Having overruled Hale’s three points on appeal, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: April 17, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Rule 13.1(a) mandates that the official court reporter must attend court sessions and make a full record of the proceedings unless excused by agreement of the parties.  
Tex. R. App. P.
 13.1(a).