Arthur Lawrence DEAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 1238–85.

Court of Criminal Appeals of Texas, En Banc.

April 27, 1988.

---

John A. Haring, Brook A. Busbee, Dallas, for Dean.

John Vance, Dist. Atty. & Michael A. Klein and Tom Streeter, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was convicted of the offense of aggravated robbery and sentenced to a term of fifteen years. His conviction was affirmed by the Dallas Court of Appeals. *Dean v. State*, 697 S.W.2d 683 (Tex.App.–Dallas 1985).

Appellant filed a petition for discretionary review in this Court raising four grounds for review. We granted the petition for discretionary review to consider appellant's first, third and fourth grounds: (1) whether a "no bill" should be considered an exceptional circumstance under Article 32A.02, Sec. 4(10), V.A.C.C.P.; (3) did the trial court err in denying the motion to quash the indictment; and (4) did the trial court err in denying appellant's motion to suppress certain evidence which should have been destroyed pursuant to an order of expunction.

We find it unnecessary to address the merits of appellant's first ground for review. While appellant's petition for discretionary review was pending, a decision of this Court was handed down which declared that Article 32A.02, supra, was unconstitutional. *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App.1987). Because of our decision in *Meshell*, we find that the issue presented in appellant's first ground for review is now moot. *Chacon v. State*, 745 S.W.2d 377 (Tex.Cr.App.1988); *Taylor v. State*, 745 S.W.32d 321 (Tex.Cr.App.1988). Appellant's first ground for review is overruled.

Appellant's third and fourth grounds for review are inter-related so we will discuss them together. We begin by setting out the pertinent portion of the Court of Appeals' opinion:

"Appellant's third and fourth grounds of error both rely on the premise that there was a valid expunction order expunging all files and records relating to appellant's original arrest for the offense that is the subject of this appeal. Appellant's third ground of error is that the trial court erred in denying his motion to quash the indictment since the State obtained the indictment through the use of files and records that should have been destroyed pursuant to an order of expunction. His fourth ground of error is that the trial court erred in denying appellant's motion to suppress evidence in that the evidence in question constituted a record or file that should have been destroyed pursuant to an order of expunction. We conclude, however, that the record does not contain a valid order expunging these records or files. We come to this conclusion because the magistrate who issued the expunction order in the record had no authority to do so. The Magistrate's Act, TEX.REV.CIV. STAT.ANN. art. 1918c, Sec. 4(a) (Vernon Supp.1985) provides that '[t]he judge of a court having a magistrate appointed as provided by this Act may refer to the magistrate any *criminal* case ...' (emphasis added). An expunction case is not a criminal case but, rather, a civil case. *State v. Henson*, 573 S.W.2d 548 (Tex.Cr. App.1978) (en banc), overruled on other grounds, *Weiner v. Dial*, 653 S.W.2d 786, 787–88 (Tex.Cr.App.1983); *Texas Department of Public Safety v. Wiggins*, 688 S.W.2d 227, 229 (Tex.App.–El Paso 1985, no writ), *Cyrus v. State*, 601 S.W.2d 776, 777 (Tex.Civ.App.–Dallas 1980, writ ref'd n.r.e.). The judge therefore could not properly refer the expunction matter to the magistrate. The magistrate's action in the expunction case was consequently void.

"Thus since grounds of error three and four are founded on appellant's contention that there was a valid order expung-

ing the records and files relating to his arrest, they must fall with the failure of the record to show such an order. We therefore overrule appellant's third and fourth grounds of error." *Dean v. State*, 697 S.W.2d at 686–687.

We find it unnecessary to answer the merits of appellant's contention as to his third ground for review and we find that the Court of Appeals did so needlessly. It has long been the rule of law that an appellate court should not go behind the actions of the grand jury to determine the sufficiency or adequacy of the evidence to justify the return of an indictment. *Brooks v. State*, 642 S.W.2d 791 (Tex.Cr.App.1982); *Tarpley v. State*, 565 S.W.2d 525 (Tex.Cr.App.1978); *Carpenter v. State*, 477 S.W.2d 22 (Tex.Cr.App.1972). When a legally constituted grand jury returns an indictment which is valid on its face, it is sufficient to call for a trial on the merits. *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr.App.1978). Appellant's third ground for review is overruled.

In his fourth ground for review, appellant argues that the court should have suppressed evidence of appellant's fingerprints removed from the scene of the offense on the night of the burglary. Appellant asserts that, since the fingerprints were contained in the State's files when the expunction order was entered, they too should have been destroyed. Because they were not and because the trial court allowed evidence of the fingerprints to come before the jury, appellant claims error.

The State argues that appellant waived review of this issue at trial. Prior to trial a hearing was held on appellant's motion to suppress. After reviewing the evidence, the trial court denied appellant's motion. During trial Gilbert Travis, an investigator with the Dallas police department, testified that he went to the crime scene on the night of the offense. Investigator Travis testified that as part of his duties, he processed the area for fingerprints and found some visible prints on a fence. Thereupon the following occurred:

"Q. I show you State's Exhibit No. 11, 12, 13 and 14, and I will ask you if you recognize those?

"A. Yes, sir.

"Q. What are those?

"A. Those are photographs of the visible fingerprints.

"Q. Are these fingerprints of the top of the fence that you pointed out to the members of the Jury?

"A. That is correct.

"MR. NELSON: At this time we would offer State's Exhibit No. 11, 12, 13 and 14.

"*MR. HARING: No objections, Your Honor.*

"THE COURT: State's Exhibit No. 11 through 14 inclusive are admitted.

.    .    .    .    .

"Q. Officer, did you lift some of these prints with your tape?

"A. Yes, I did.

"Q. Do you have those with you today?

"A. Yes, I do.

"Q. Could I have those, please? (Whereupon, State's Exhibit No. 15, 16 and 17 were marked for identification.)

"THE COURT REPORTER: State's Exhibit No. 15, 16 and 17 marked for identification.

"BY MR. NELSON:

"Q. Officer, I show you what has been marked for identification as State's Exhibit 15, 16 and 17, and do you recognize those?

"A. Yes, sir.

"Q. What are those?

"A. Fingerprints I lifted at the scene that night.

.    .    .    .    .

"MR. NELSON: At this time we'll offer into evidence State's Exhibit No. 15, 16 and 17.

"*MR. HARING: No objections, Your Honor.*" (emphasis added)

Travis went on to testify that the fingerprints he lifted from the scene of the robbery matched prints he took from appellant prior to his testimony.

Our review of the record and the case law leads us to the conclusion that the

State is correct in their argument that appellant has not preserved this issue for appeal. In *McGrew v. State*, 523 S.W.2d 679 (Tex.Cr.App.1975), we held that McGrew waived review of admissibility of items seized during a warrantless search of his trunk because, after losing in the suppression hearing, defense counsel expressly stated "we don't have any objections" when the State offered the same evidence at trial. We reached the same holding in *Gearing v. State*, 685 S.W.2d 326 (Tex.Cr.App.1985) where the trial court never ruled on Gearing's pretrial motion to suppress but "carried it along" with the trial on the merits. At trial when the objectionable evidence was offered, Gearing's attorney expressly stated, "no objection." When an accused affirmatively asserts during trial that he has "no objection" to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pretrial ruling. See also *Harris v. State*, 656 S.W.2d 481 (Tex.Cr.App.1983); *Mayberry v. State*, 532 S.W.2d 80 (Tex.Cr.App.1976).

Because defense counsel specifically stated that the defense had no objection to the admission of the fingerprint evidence, we are compelled to find that this issue has not been preserved for appellate review. Appellant's fourth ground for review is overruled.

The judgments of the Court of Appeals and the trial court are affirmed.