COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-108-CR
 
PATRICIA BRITT HALE                                                                         APPELLANT
V.
THE STATE OF TEXAS                                                                         STATE
------------
FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
A jury found Appellant Patricia
Britt Hale guilty of driving while intoxicated (DWI) and assessed her punishment
at ninety days' confinement probated for fourteen months and a $700 fine. In
three issues, Hale contends that the evidence is legally and factually
insufficient to support her conviction and that the trial court abused its
discretion by overruling her motion for new trial. We will affirm.
In her first and second points,
Hale complains that the evidence is legally and factually insufficient to
support her conviction. A person commits the offense of DWI if she operates a
motor vehicle in a public place while intoxicated. Tex. Penal Code Ann. § 49.04
(Vernon 2003). Hale does not identify any particular element of the offense of
DWI that she contends is supported by legally or factually insufficient
evidence, but instead generally asserts that the evidence is legally and
factually insufficient.
In reviewing the legal sufficiency
of the evidence to support a conviction, we view all the evidence in the light
most favorable to the verdict. Cardenas v. State, 30 S.W.3d 384, 389-90
(Tex. Crim. App. 2000); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.
Crim. App. 1992), cert. denied, 507 U.S. 975 (1993). The critical
inquiry is whether, after so viewing the evidence, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App.), cert. denied, 522
U.S. 844 (1997). This standard gives full play to the responsibility of the
trier of fact to resolve conflicts in the testimony, to weigh the evidence, and
to draw reasonable inferences from basic facts to ultimate facts. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).
In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party. Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126,
129 (Tex. Crim. App. 1996). Evidence is factually insufficient if it is so weak
as to be clearly wrong and manifestly unjust or the adverse finding is against
the great weight and preponderance of the available evidence. Johnson,
23 S.W.3d at 11. Therefore, we must determine whether a neutral review of all
the evidence, both for and against the finding, demonstrates that the proof of
guilt is so obviously weak as to undermine confidence in the verdict, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof. Id. In performing this review, we are to give due
deference to the fact finder's determinations. Id. at 8-9; Clewis,
922 S.W.2d at 136. Consequently, we may find the evidence factually insufficient
only where necessary to prevent manifest injustice. Johnson, 23 S.W.3d
at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
In the case before us, we have made
a complete and detailed examination of all the relevant evidence and have
determined that a rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. See McDuff, 939 S.W.2d at 614.
Specifically, the arresting officer testified that at approximately 11:30 p.m.
on the evening of March 30, 2001, he saw a vehicle driven by Hale weaving and
straddling the lane marker on the service road. When he stopped Hale, he smelled
alcohol and administered the HGN and walk-and-turn field sobriety tests to Hale.
She failed both of them. The defense put on evidence that Hale failed the
sobriety tests due to medical abnormalities of her eyes and feet, and not due to
intoxication. Doctor Joseph Citron, an ophthalmologist, testified that Hale has
congenital ptosis, or droopy eyelids, and essential blepharospasm, or
uncontrollable fluttering eyelids, both of which would have affected her
performance of the HGN test. In addition, Citron testified that x-rays of Hale's
feet indicate that she has bilateral congenital clubfeet, which would make it
very difficult for her to walk in a straight line or balance on one leg. Viewing
all of the evidence in a neutral light, we have determined that sufficient
evidence exists supporting each element of the offense of DWI and that manifest
injustice has not occurred. We therefore defer to the fact finders' decision. See
Johnson, 23 S.W.3d at 9, 12. We overrule Hale's first and second points.
In her third point, Hale argues
that the trial court erred by overruling her motion for new trial. Her motion
asserted that the court reporter improperly failed to record voir dire.
Specifically, Hale's motion for new trial claims that the trial court
"violated the mandatory provisions of Rule 13.1(a) of the Texas Rules of
Appellate Procedure."(2) The trial court
conducted a hearing on Hale's motion for new trial. At the hearing, Hale
testified that her trial attorneys never asked her if she would agree to waive
the transcription of voir dire. In response, the State introduced into evidence
the affidavit of Toni Freeman, the court reporter. Freeman states in her
affidavit that before trial commenced she asked Hale's counsel if he
"needed voir dire examination of the prospective jury panel taken, to which
he said he did not."
Hale's counsel's alleged
affirmative representation to the court reporter that he did not need voir dire
transcribed is akin to a defendant's affirmative representation that he has
"no objection" to the admission of particular evidence. See, e.g.,
Dean v. State, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988) (holding that when
an accused affirmatively asserts during trial that he has "no
objection" to the admission of the complained of evidence, he waives any
error in the admission of the evidence). The trial court is granted wide
latitude in exercising the decision to grant or deny a motion for new trial, and
in the absence of an abuse of discretion, an appellate court should not reverse.
Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). Here, in light
of Freeman's affidavit indicating that Hale's counsel affirmatively waived
transcription of voir dire, we cannot say that the trial court abused its
discretion in denying Hale's motion for new trial. See id.
Having overruled Hale's three
points on appeal, we affirm the trial court's judgment.
 
                                                                        PER
CURIAM
 
PANEL F: WALKER, LIVINGSTON, and
DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 17, 2003

1. See Tex. R. App. P. 47.4.
2. Rule 13.1(a) mandates that the official court reporter
must attend court sessions and make a full record of the proceedings unless
excused by agreement of the parties. Tex. R. App. P. 13.1(a).