brock v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-291-CR

BOBBY DON BROCK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43
RD
 DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Bobby Don Brock appeals his jury conviction of possession of a controlled substance, namely cocaine, in an amount of less than one gram.  In a single issue, appellant contends the trial court erred when it denied his motion to suppress evidence the arresting officer seized from him on the night of his arrest.  We need not address the merits of this argument because appellant’s issue has been waived. 

It is well-settled that when a pre-trial motion to suppress evidence is overruled, the accused need not subsequently object to the admission of the same evidence at trial in order to preserve error.  
Gearing v. State
, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985) (op. on reh’g), 
overruled on other grounds by Woods v. State
, 956 S.W.2d 33 (Tex. Crim. App. 1997).  However, when the accused affirmatively asserts during trial that he has “no objection” to the admission of the evidence complained of, he waives any error in the admission of the evidence despite the earlier adverse ruling.  
Id.
; 
Dean v. State
, 749 S.W.2d 80, 83 (Tex. Crim. App. 1998).  

In this case, defense counsel filed a pre-trial motion to suppress all the evidence seized from appellant on the night of his arrest.  After a hearing, the trial court denied all portions of the motion to suppress regarding the physical evidence and granted the portion of the motion regarding appellant’s oral statement.  During the guilt/innocence phase of the trial, when appellant’s counsel affirmatively stated that he had no objections to the introduction of all the previously complained of physical evidence seized from appellant on the night of his arrest, he waived his right to complain on appeal about its admissibility.  Therefore, we overrule appellant’s issue and affirm the trial court’s judgment.

SAM J. DAY

JUSTICE

PANEL B: DAUPHINOT and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 31, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.