COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-291-CR
 
BOBBY DON BROCK                                                              APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
43RD DISTRICT COURT OF PARKER COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Appellant Bobby Don Brock appeals his jury conviction of possession of 
a controlled substance, namely cocaine, in an amount of less than one gram. 
In a single issue, appellant contends the trial court erred when it denied his 
motion to suppress evidence the arresting officer seized from him on the night 
of his arrest. We need not address the merits of this argument because 
appellant’s issue has been waived. 
        It is well-settled that when a pre-trial motion to suppress evidence is 
overruled, the accused need not subsequently object to the admission of the 
same evidence at trial in order to preserve error. Gearing v. State, 685 S.W.2d 
326, 329 (Tex. Crim. App. 1985) (op. on reh’g), overruled on other grounds by 
Woods v. State, 956 S.W.2d 33 (Tex. Crim. App. 1997). However, when the 
accused affirmatively asserts during trial that he has “no objection” to the 
admission of the evidence complained of, he waives any error in the admission 
of the evidence despite the earlier adverse ruling. Id.; Dean v. State, 749 
S.W.2d 80, 83 (Tex. Crim. App. 1998). 
        In this case, defense counsel filed a pre-trial motion to suppress all the 
evidence seized from appellant on the night of his arrest. After a hearing, the 
trial court denied all portions of the motion to suppress regarding the physical 
evidence and granted the portion of the motion regarding appellant’s oral 
statement. During the guilt/innocence phase of the trial, when appellant’s 
counsel affirmatively stated that he had no objections to the introduction of all 
the previously complained of physical evidence seized from appellant on the 
night of his arrest, he waived his right to complain on appeal about its 
admissibility. Therefore, we overrule appellant’s issue and affirm the trial 
court’s judgment. 
 
 
                                                          SAM J. DAY 
                                                          JUSTICE
 
PANEL B:   DAUPHINOT and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, 
Sitting by Assignment). 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: December 31, 2003