COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




DELFINA ESPINOSA, 


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 

No. 08-02-00214-CR



Appeal from the


112th District Court

of Crockett County, Texas 


(TC#2084)


M E M O R A N D U M O P I N I O N


 Delfina Espinosa, also known as Delfina Villareal, appeals her conviction for the
offense of possession of a controlled substance with the intent to deliver. A jury found
Appellant guilty and assessed punishment at fifteen (15) years' confinement in the Texas
Department of Criminal Justice Institutional Division. We affirm the judgment of the trial
court.

I. SUMMARY OF THE EVIDENCE 

 On December 22, 2000, Sheriff Billy Shane Fenton of the Crockett County Sheriff's
Office received information from a reliable, confidential informant that Appellant was in
possession of a controlled substance (cocaine) and currency at her residence in Ozona. The
informant told Fenton that she had been in Appellant's home within the past twenty-four
hours and had observed cocaine. Before swearing out his affidavit, Fenton stated he went
by the house to obtain the right verbiage of what the house looked like and where the door
was positioned but that he did not see any evidence of criminal activity.

 The magistrate issued a search warrant based on Fenton's affidavit. The relevant
portion reads as follows:

 Affiant was advised by a confidential informant that the said DELFINA
VILLAREAL has a quantity of COCAINE and U.S. Currency obtained for the
sale of illegal narcotics concealed in her residence described above. Informant
further advised Affiant that he had been in the residence with in (sic) the past
24 hours and had personally observed VILLAREAL in possession of the
Cocaine and U.S. Currency.


 Affiant received the above information from said informant on the 22nd day of
December 2000.


 Affiant believes that said informant is credible and his information reliable
because informant has furnished information to the Affiant concerning drug
trafficking in Crockett County, Texas, on several occasions during the past six
months and on each and every occasion proved to be reliable, true and correct.


Fenton had been receiving information from the confidential informant for a number of years
and specifically with regard to Appellant, for a period of six months. The informant had
been used in other cases but never to obtain a search warrant. The initial contact Fenton had
with the informant was not in an arrest situation, but rather the informant volunteered to talk
about various drug trafficking activities in the county. The informant was not a known drug
user and was never paid for her services. 

 Upon searching Appellant's house, the deputies located the cocaine in the ceiling of
the hallway in between the two bedrooms. They located two prescription bottles; one label
read Delfina Espinosa and the other Delfina Villareal. One bottle contained seven corner
bags of cocaine and the other contained two rock-like substances that turned out to be
cocaine. Deputies also found scales, pipes, and other drug paraphernalia, but did not locate
the currency. The officers arrested Appellant and she provided a confession. 

 Appellant filed a pretrial motion to suppress evidence, materials, and statements
obtained from her home, which the trial court denied following a hearing. When the State
offered the prescription bottles, the drug paraphernalia, and Appellant's statement into
evidence at trial, defense counsel replied, "no objection." 

II. DISCUSSION

 In her sole point of error, Appellant argues that the trial court erred in denying her
motion to suppress the evidence seized during the search of her house because the search
warrant was issued based on an affidavit containing uncorroborated information received
from a confidential informant. We are unable to address the merits of this argument because
we find that Appellant has waived any error for review.

 To preserve error concerning the admission of evidence for appellate review,
Appellant must have presented a timely request, objection, or motion stating the specific
grounds thereof unless the grounds were apparent. See Tex. R. App. P. 33.1; Tex. R. Evid.
103(a)(1); Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). When a pretrial
motion to suppress is denied, the accused need not object to the admission at trial. Dean v.
State, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988); Traylor v. State, 855 S.W.2d 25, 26 (Tex.
App.--El Paso 1993, no pet.). However, when the accused affirmatively asserts that he has
"no objection" to the admission of the evidence, he waives any error despite the pretrial
ruling. Dean, 749 S.W.2d at 83; Traylor, 855 S.W.2d at 26. Although Appellant initially
preserved error at the pretrial motion to suppress, defense counsel affirmatively waived it at
trial. See Hardin v. State, 951 S.W.2d 208, 210 (Tex. App.--Houston [14th Dist.] 1997, no
pet.)(despite adverse ruling on pretrial motion to suppress, appellant waived error in
admission of cocaine by stating he had no objections when the prosecutor offered cocaine
into evidence at trial). Appellant's Issue No. One is overruled.

 Having overruled Appellant's sole issue on review, we affirm the judgment of the trial
court.

June 17, 2004



 RICHARD BARAJAS, Chief Justice


Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ. 


(Do Not Publish)