COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
FELIX SANTIESTEBAN,                                  )                  No. 08-03-00103-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  168th District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20020D03466)

MEMORANDUM OPINION

            Felix Santiesteban appeals his conviction for possession of cocaine with intent to distribute. 
Appellant was found guilty by a jury and sentenced to eighteen years and six months in the Texas
Department of Criminal Justice by the court. We affirm the judgment.
DENIAL OF MOTION TO SUPPRESS
            In Appellant’s sole point of error, he contends that the trial court abused its discretion in
denying his motion to suppress because the court failed to apply the knock and announce rule to the
officers’ no-knock entry and the State failed to satisfy its burden to provide adequate evidence to
justify its no-knock entry.
            As a prerequisite to presenting a complaint for appellate review, the record must demonstrate
that the complaint was made to the trial court by a timely request, objection, or motion, and the trial
court ruled on the request, objection, or motion. Tex.R.App.P. 33.1(a)(1) and (2); Richardson v.
State, 981 S.W.2d 453, 455 (Tex.App.--El Paso 1998, pet. ref’d). Failure to obtain an adverse ruling
on a motion to suppress waives error. Dunavin v. State, 611 S.W.2d 91, 97 (Tex.Crim.App. 1981).
            Furthermore, when a pretrial motion to suppress is denied, the accused need not object to the
admission of the same evidence again at trial. Dean v. State, 749 S.W.2d 80, 83 (Tex.Crim.App.
1988); Traylor v. State, 855 S.W.2d 25, 26 (Tex.App.--El Paso 1993, no pet.). However, when the
accused affirmatively asserts that he has “no objection” to the admission of the complained of
evidence, he waives any error in the admission of the evidence despite the pretrial ruling. Dean, 749
S.W.2d at 83; Traylor, 855 S.W.2d at 26. 
            Appellant was originally indicted on March 14, 2002 under cause number 20020D01150 for
possession of cocaine. He filed a motion to suppress on April 5, 2002, and the trial court held a
hearing on the motion on April 22, 2002. The motion was denied on May 15, 2002. Appellant was
re-indicted under the current cause number 20020D03466 on July 25, 2002. He re-filed his motion
to suppress on August 2, 2002. In his brief, Appellant admits that the second motion was never
heard but he claims that it was consolidated into the previous motion to suppress hearing held on
April 22, 2002. The record does not support his argument.
            We have the reporter’s record from the April 22 hearing but the order denying the first
motion to suppress is not included in the appellate record. Appellant has attached the order as an
appendix to his brief. Nevertheless, evidence that the motion was denied must be properly presented
in the appellate record. See Harris v. State, 827 S.W.2d 949, 958 (Tex.Crim.App.), cert. denied, 506
U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992); Welch v. State, 908 S.W.2d 258, 261 (Tex.App.--El Paso 1995, no pet.). An item not appearing in the appellate record cannot be considered by the
court. See Welch, 908 S.W.2d at 261. Nor can we determine whether Appellant objected to
admission of the evidence at trial since we have not been provided a record from the trial on the
merits. See Dean, 749 S.W.2d at 83; Traylor, 855 S.W.2d at 26.
            Appellant has failed to properly preserve this error for appeal. We overrule the sole point
and affirm the judgment of the trial court.



August 19, 2004                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)