Opinion issued November 18, 2004






 









In The
Court of Appeals
For The
First District of Texas




NOS. 01-03-01051-CR
          01-03-01052-CR
          01-04-00034-CR
          01-04-00035-CR




RANDY LEE ALLEN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause Nos. 44,024 (Counts 1, 2, and 3) and 44,025




MEMORANDUM OPINION

          Appellant, Randy Lee Allen, pled guilty to three counts of aggravated sexual
assault of a child and one count of aggravated kidnapping. Upon appellant’s open
plea, the trial court assessed punishment at confinement for 150 years—to be served
as 75 years on each of the three counts in cause number 44,024, concurrently, and 75
years on the one count of aggravated kidnapping in cause number 44,025, stacked
upon the 75 years in cause number 44,024. In one issue, appellant appeals the trial
court’s denial of his motions to suppress in both causes.
          We affirm.
Background
          Twelve-year-old complainant, H.M., was abducted while on her way to church
by a man driving a white van with tinted windows and a business name containing
the word “wood” painted on the side. The man bound H.M. with tape, trapped her in
a box inside the van, and drove her to a hotel room where he sexually assaulted her
before leaving her on an isolated road. 
          Based upon a description offered by H.M. and a witness near the church, City
of Freeport Police telephoned local businesses and appellant’s van was identified. 
Officers stopped appellant, told him they were conducting a kidnapping investigation,
and asked if he would come in for questioning. Appellant agreed and drove his van
to the police station, with an officer in the lead and another behind him. 
          Along the way, officers decided that appellant should ride in a patrol car, so the
caravan pulled to the curb. Testimony conflicts as to whether appellant was searched
and handcuffed before getting into the back seat of the cruiser. An officer drove
appellant’s van to the station and parked it in the sally port.
          Appellant arrived at the station at around 5:30 p.m. and was questioned until
approximately 9:40 p.m. Appellant gave a signed confession and consented to being
photographed for a line-up, as well as to allowing police to go to his home to retrieve
the shirt he wore during the offense and the box in which he had held H.M. A video
was created of appellant’s confession and of his assembly of the box. 
Motion to Suppress
          Appellant filed two motions to suppress “the fruits of his illegal detention and
arrest” in each cause. Appellant contends he was placed under custodial arrest
without probable cause and was interrogated without being given the warnings
required under article 38.22 of the Code of Criminal Procedure. Tex. Code Crim.
Proc. Ann. art. 38.22 (Vernon 1979 & Supp. 2004-2005). In a pre-trial hearing, the
court denied both motions. In his sole issue, appellant contends that the trial court
erred in denying his motions. The State counters that appellant waived any error
regarding the suppression and admission of the evidence.
          During the trial to the court on each cause, the State offered all exhibits into
evidence—including appellant’s written and videotaped confessions—with the
stipulation that if the witnesses were called, they would testify substantially to the
contents of the exhibits. In cause number 44,024, defense counsel replied, “No
objection to any of that, Your Honor; and we agree to so stipulate.” In cause number
44,025, defense counsel replied, 
Judge, we are not going to object to that. We’re just going to clarify that
some of the evidence you have in that pile applies to one case and some
applies to the other, and we will agree the evidence that applies to one
case. (sic) We will stipulate to that and not object. All of this happened
in three or four hours. State elected to treat it as two cases.
 
All evidence was admitted and stipulations were accepted by the court.
          Generally, once a pre-trial motion to suppress is overruled, the defendant is not
required to object to admission of the same evidence at trial in order to preserve error
for appeal. Livingston v. State, 739 S.W.2d 311, 334 (Tex. Crim. App. 1987). 
However, where the objectionable evidence is offered during trial and the defendant
affirmatively asserts that he has “no objection” to its admission, he waives any error
in the admission of the evidence despite the pre-trial suppression ruling. Moody v.
State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992); Nhem v. State, 129 S.W.3d 696,
698-99 (Tex. App.—Houston [1st Dist.] 2004, no pet.). In Dean v. State, the Court
of Criminal Appeals held that where defense counsel later makes such assertion, it
was “compelled to find that this issue has not been preserved for appellate review.” 
Dean v. State, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988). 
          Here, as in Dean, appellant affirmatively stated he had “no objection” to the
evidence offered and further agreed to stipulate to its contents. See id. The trial court
then admitted the evidence. Thus, as in Dean, appellant has not preserved this issue
for appellate review. See id.
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.

                    
                                                         Laura C. Higley 
                                                         Justice
 

Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).