COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JIMMIE JONES, JR.,                                           )

                                                                              )              
No.  08-03-00360-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                 384th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20030D01951)

                                                                              )

 

 

O
P I N I O N

 

This is an appeal
from a conviction for the felony offense of possession of cocaine.  The trial court found Appellant guilty and
assessed a punishment of 5 years=
confinement.  On appeal, Appellant
challenges the trial court=s
denial of his motion to suppress the evidence seized.  We affirm. 








At the motion to
suppress hearing, El Paso Police Officer Fernando Ontiveros testified that on
the night of February 12, 2003, he and his partner Officer Guevara were on duty
traveling southbound on Dyer Street when they noticed a black Hyundai Santa Fe in
the parking lot of the Colonia Motel. 
Officer Ontiveros stated that he recognized the vehicle as belonging to
the mother of Michael Smith, a wanted subject. 
They drove into the parking lot to conduct a license check on the
vehicle, and they verified that it did in fact belong to Alma Thompson, Mr.
Smith=s
mother.  Officer Ontiveros testified that
once they verified the owner of the vehicle, they went to talk to the clerk at
the front desk to find out who was using the vehicle.  The front desk clerk advised them that the
person who owned the vehicle was in room 116 and she proceeded to show them a
register card which named Alma Thompson as the person who rented the room.  Officer Ontiveros testified that at this
point, he believed Ms. Thompson had rented the room for Mr. Smith and that
he could possibly be in the room at that time. 
Officer Ontiveros gave the front desk clerk a description of Mr. Smith
and she stated that she believed she had seen somebody matching that
description inside the room.  Then as
Officer Ontiveros and his partner were walking towards room 116, they noticed
Ms. Thompson driving away but they did not see Mr. Smith in the vehicle.

When they reached
the room, Officer Ontiveros testified that he knocked several times and did not
get an immediate answer, but he could hear some noise coming from inside the
room.  Shortly thereafter, the Appellant
partially opened the door and the officers explained to him that they were
looking for Mr. Smith and asked if anybody else was inside the room.  Appellant stated that there was no one else
inside the room, but Officer Ontiveros testified that he could see a person
inside the room sitting on a chair near a table, but could not identify the
person.  Officer Ontiveros testified that
the Appellant gave consent for him and his partner to enter the room and search
for Mr. Smith.  According to his
testimony, the Appellant opened the door and stepped to the side.  Officer Ontiveros further testified that he
did not push the Appellant to the side to enter the room.  On cross-examination, Officer Ontiveros
stated that he carried consent-to-search forms in his vehicle, but that he did
not ask the Appellant to sign one since he had provided verbal consent.








As soon as he
entered the room, Officer Ontiveros saw a female sitting in a chair near the
table.  He then proceeded to the back of
the motel room and noticed that the bathroom door was closed, leading him to
believe that Mr. Smith was hiding in there. 
He checked the door knob to see if it was locked and upon seeing that it
was not, he opened the door.  He
testified that the only person in the bathroom was a man sitting on the toilet
as if attempting to hide.  He testified
that he is able to recognize Mr. Smith by sight, and that he was not present in
the hotel room.  As Officer Ontiveros
walked out of the bathroom, he looked down towards the bed and observed in
plain view a plastic baggy containing a green leafy substance which he believed
to be marijuana.  Then believing Mr.
Smith could be hiding under the bed, he looked underneath the bed and saw a
plastic tray containing what appeared to be several little white yellowish rock
like substances which he believed to be crack cocaine.

After this, all
the individuals in the motel room were handcuffed and everyone was placed under
arrest; Officer Ontiveros and his partner then proceeded to conduct a search of
the room.  Officer Ontiveros testified
that his partner found more crack cocaine between the mattresses and in the
night stand.  He then requested a canine
unit to do a further search of the room which resulted in the uncovering of
some money.  Officer Ontiveros testified
that he asked the Appellant who the narcotics belonged to and that he admitted
to being the owner of the marijuana, but claimed that he did not own the
cocaine.  He also stated that the money
belonged to him and that it was his income tax return.








The Appellant also
testified at the motion to suppress hearing. 
He testified that when the police knocked at the door, he was in the
bathroom washing his face and brushing his teeth.  When he went to open the door, Officer
Ontiveros asked him if Mr. Smith was there, and he stated that he was not.  He was then asked who was inside the room and
he stated that other than himself, a person by the name of Victor and Victor=s wife. 
He testified that the officer immediately shoved him out of the way,
went inside the room and started opening drawers.  He then asked the officer what he was doing
and told him that he was not allowed to do that, but the officer simply
responded by telling him to sit down and shut up.  He testified that the officer looked under
the bed and pulled out a tray containing marijuana and cocaine.  He testified that he told the officers that
the drugs were not his and that he did not know who they belonged to.  He testified that the officers never asked
him to sign a consent form and that he never consented to them entering the
room.  On cross-examination, he testified
that he did not know Mr. Smith.     At the conclusion of the motion to suppress
hearing, the trial court stated that it was taking the matter under
advisement.  At the beginning of the
trial on the merits, the trial court stated that it was denying Appellant=s motion to suppress.  Upon hearing the evidence at the trial, the
trial judge found Appellant guilty of possession of cocaine and assessed a
punishment of five years=
confinement.  Appellant now timely
brings  this appeal.

In his sole point
of error, Appellant asserts that the trial court abused its discretion in
denying his motion to suppress evidence obtained as a result of the warrantless
search of the hotel room.  Specifically,
Appellant contends that the warrantless search of the hotel room was
unreasonable because it was made without the Appellant=s
consent in violation of the Fourth Amendment of the U.S. Constitution, and
Article I, section 9, of the Texas Constitution.








In order to
preserve a complaint concerning the admission of evidence for appellate review,
a party must have presented to the trial court a timely request, objection, or
motion stating the specific grounds for the ruling he desired of the court,
unless the specific grounds were apparent from the context.  Tex.R.App.P. 33.1; Tex.R.Evid. 103(a)(1); Ethington v.
State, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991).  It is well settled that when a pretrial
motion to suppress evidence is overruled, the defendant need not subsequently
object at trial to the same evidence in order to preserve error on appeal.  Dean v. State, 749 S.W.2d 80, 83
(Tex.Crim.App. 1988); Gearing v. State, 685 S.W.2d 326, 329
(Tex.Crim.App. 1985), overruled on other grounds, Woods v. State,
956 S.W.2d 33 (Tex.Crim.App. 1997); Traylor v.State, 855 S.W.2d 25, 26
(Tex.App.‑-El Paso 1993, no pet.). 
However, when the defendant affirmatively asserts during trial that he
has Ano
objection@ to the
admission of the complained‑of evidence, he waives any error in the
admission of the evidence despite the adverse pretrial ruling.  Dean, 749 S.W.2d at 83; Gearing,
685 S.W.2d at 329; Traylor, 855 S.W.2d at 26.








In this case,
Appellant filed a Motion to Suppress the evidence seized from the search of the
hotel room.  After holding a motion to
suppress hearing, the trial judge did not make a ruling, but rather stated that
it was taking the motion under advisement. 
At the beginning of the trial, the trial judge stated that he was
denying the motion to suppress the evidence.[1]  Before any witnesses were called, the
Appellant=s
attorney stated that he was stipulating to the drugs.  Once the hearing was underway, during the
direct examination of Officer Ontiveros, the State moved to admit State=s Exhibits One and Two, which were
identified by Officer Ontiveros as the marijuana and cocaine, respectively,
that had been found in Appellant=s
hotel room.  Appellant=s attorney affirmatively stated the he
had no objection to the evidence.  As
such, although Appellant initially preserved error, Appellant=s counsel affirmatively waived it at
trial.  See Welch v. State, 993
S.W.2d 690, 694 (Tex.App.-‑San Antonio 1999, no pet.); Hardin v. State,
951 S.W.2d 208, 210 (Tex.App.--Houston [14th Dist.] 1997, no pet.).  Therefore, Appellant=s
Issue One is overruled.

Accordingly, we
affirm the trial court=s
judgment.

 

 

December
16, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]  Specifically, the trial court made the
following statements:

 

I do remember the motion to suppress evidence that was filed
in this case, and as I recall I denied the motion to suppress the
evidence.  . . .  I did not suppress the evidence so the
evidence is coming in.