COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-07-095-CR

 

 

LAMARCUS PAUL WILLIAMS                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.      Introduction








Appellant LaMarcus Paul
Williams appeals his conviction for possession of a controlled substanceCcocaineCin the
amount of one gram or more, but less than four grams.  Appellant=s sentencing range was enhanced by two prior convictions.  Appellant pleaded not guilty, but a jury
found Appellant guilty of the charge. 
Appellant elected to have the trial court assess punishment, pleaded
true to the habitual offender notice, and was sentenced to twenty-five years= confinement in the Institutional Division of the Texas Department of
Criminal Justice.  We affirm.  

II.     Factual
and Procedural Background

On April 27, 2006, Fort Worth
police executed a narcotics search warrant on a residence.  The police found AppellantCwho did not live at nor own the residenceClying on the living room floor next to his pregnant girlfriend who was
sitting on the couch.  The police found
several rocks of crack cocaine in plain view on the floor.  The police found  additional rocks of crack cocaine in a Afryer@ a few feet
away from Appellant and his girlfriend.  

Appellant gave a written
statement accepting responsibility for the drugs found in plain view.  Appellant claims that an officer promised
that his girlfriend would not be arrested if Appellant signed the written
statement.  Appellant filed a pretrial
motion to suppress.  

At the suppression hearing,
the officer testified that he did not remember exactly what was said during his
interview of Appellant.  The officer did
admit that during a pretrial interview he told the prosecutor that he had
stated to Appellant that, if he wrote out his statement, his girlfriend would
not go to jail. But then the officer testified that he: 








honestly
just did not recall the circumstances. 
If you were to ask me to recite the conversation that me and the
Defendant had that day, I could not - - I could not remember the exact
conversation.  I do remember that . .
.  he did express interest about his
girlfriend not - - you know, not going to jail. 


 

Still later in his testimony, the officer stated,
AI can say that I would not have made [such a promise].@  After the hearing, the trial
court denied Appellant=s motion to
suppress. 

At trial, the State offered
Appellant=s signed statement
admitting possession of the crack cocaine. 
Defense counsel responded to the admission of Appellant=s statement by stating, ANo objection.@  This appeal ensued. 

III.     Discussion

In his sole point, Appellant
complains that the trial court erred by admitting his signed statement.  Appellant argues that the written statement
was predicated on a promise not to arrest Appellant=s girlfriend, and therefore the confession was involuntary. 

The State counters that
Appellant waived any error concerning the admission of the statement when
defense counsel stated, ANo
objection,@ to the
admission of the statement as evidence at trial.  We agree with the State.








Ordinarily, by filing a
motion to suppress, a defendant preserves his right to complain of the admission
of evidence at trial even if he fails to object when that evidence is
introduced at trial.  Dean v. State,
749 S.W.2d 80, 83 (Tex. Crim. App. 1988); Moraguez v. State, 701 S.W.2d
902, 904 (Tex. Crim. App. 1986); Gearing v. State, 685 S.W.2d 326, 329
(Tex. Crim. App. 1985), overruled on other grounds by Woods v. State,
956 S.W.2d 33, 36-38 (Tex. Crim. App. 1997). 
However, when the defendant=s attorney affirmatively states that there is no objection to the
admissibility of the evidence when it is introduced at trialCthe right to object to its admission on appeal is waived.  Dean, 749 S.W.2d at 83; Moraguez,
701 S.W.2d at 904; Gearing, 685 S.W.2d at 329.  

In this case, defense counsel
filed a pretrial motion to suppress Appellant=s statement.  However, when
defense counsel stated, ANo
objection,@ at the
point when the prosecutor offered the statement into evidence, Appellant waived
his right to complain on appeal about its admissibility.  Therefore, we overrule Appellant=s sole point.

IV.    Conclusion

Having overruled Appellant=s sole point, we affirm the trial court=s judgment.

 

ANNE GARDNER

JUSTICE

 

PANEL B:   DAUPHINOT, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
May 1, 2008











[1]See Tex. R. App. P. 47.4.