

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

## NO. 2-07-095-CR

---

LAMARCUS PAUL WILLIAMS                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I.      Introduction

Appellant LaMarcus Paul Williams appeals his conviction for possession of a controlled substance—cocaine—in the amount of one gram or more, but less than four grams. Appellant's sentencing range was enhanced by two prior convictions. Appellant pleaded not guilty, but a jury found Appellant guilty of

---

[1] *See* TEX. R. APP. P. 47.4.

the charge. Appellant elected to have the trial court assess punishment, pleaded true to the habitual offender notice, and was sentenced to twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

## II. Factual and Procedural Background

On April 27, 2006, Fort Worth police executed a narcotics search warrant on a residence. The police found Appellant—who did not live at nor own the residence—lying on the living room floor next to his pregnant girlfriend who was sitting on the couch. The police found several rocks of crack cocaine in plain view on the floor. The police found additional rocks of crack cocaine in a "fryer" a few feet away from Appellant and his girlfriend.

Appellant gave a written statement accepting responsibility for the drugs found in plain view. Appellant claims that an officer promised that his girlfriend would not be arrested if Appellant signed the written statement. Appellant filed a pretrial motion to suppress.

At the suppression hearing, the officer testified that he did not remember exactly what was said during his interview of Appellant. The officer did admit that during a pretrial interview he told the prosecutor that he had stated to Appellant that, if he wrote out his statement, his girlfriend would not go to jail. But then the officer testified that he:

2

honestly just did not recall the circumstances. If you were to ask me to recite the conversation that me and the Defendant had that day, I could not - - I could not remember the exact conversation. I do remember that . . . he did express interest about his girlfriend not - - you know, not going to jail.

Still later in his testimony, the officer stated, "I can say that I would not have made [such a promise]." After the hearing, the trial court denied Appellant's motion to suppress.

At trial, the State offered Appellant's signed statement admitting possession of the crack cocaine. Defense counsel responded to the admission of Appellant's statement by stating, "No objection." This appeal ensued.

## III. Discussion

In his sole point, Appellant complains that the trial court erred by admitting his signed statement. Appellant argues that the written statement was predicated on a promise not to arrest Appellant's girlfriend, and therefore the confession was involuntary.

The State counters that Appellant waived any error concerning the admission of the statement when defense counsel stated, "No objection," to the admission of the statement as evidence at trial. We agree with the State.

Ordinarily, by filing a motion to suppress, a defendant preserves his right to complain of the admission of evidence at trial even if he fails to object when that evidence is introduced at trial. *Dean v. State*, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988); *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App.

3

1986); *Gearing v. State*, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985), *overruled on other grounds by Woods v. State*, 956 S.W.2d 33, 36-38 (Tex. Crim. App. 1997). However, when the defendant's attorney affirmatively states that there is no objection to the admissibility of the evidence when it is introduced at trial—the right to object to its admission on appeal is waived. *Dean*, 749 S.W.2d at 83; *Moraguez*, 701 S.W.2d at 904; *Gearing*, 685 S.W.2d at 329.

In this case, defense counsel filed a pretrial motion to suppress Appellant's statement. However, when defense counsel stated, "No objection," at the point when the prosecutor offered the statement into evidence, Appellant waived his right to complain on appeal about its admissibility. Therefore, we overrule Appellant's sole point.

**IV. Conclusion**

Having overruled Appellant's sole point, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL B: DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: May 1, 2008