# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00099-CR

**Shedrick Mitchell, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-10-202744, HONORABLE CLIFFORD BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Shedrick Mitchell of the offense of evading arrest, enhanced by a prior conviction for evading arrest. *See* Tex. Penal Code Ann. § 38.04(b)(1)(A) (West Supp. 2010) (providing that offense of evading arrest, normally a misdemeanor, is "a state jail felony if . . . the actor has been previously convicted" of evading arrest). On appeal, Mitchell argues that the trial court erred in admitting evidence of his prior convictions for theft by check and burglary of coin-operated machines because the prejudicial effect of those convictions outweighed their probative value. *See* Tex. R. Evid. 403, 609(a). We will affirm the judgment of conviction.

## BACKGROUND

On the afternoon of May 13, 2010, the Austin Police Department responded to a theft-in-progress call involving cash boxes located at various self-parking locations in downtown Austin. An employee of the parking-lot business testified at trial that he followed Mitchell and saw him

try to take money from the cash boxes. That same witness and an officer of the Austin Police Department further testified that, when the officer arrived at Mitchell's location, he tried to flee the officer by jumping over a fence into Waller creek and walking away.

In response, Mitchell testified that, on the day in question, he was out "recycling," he never "stepped foot on their parking lot," and he did not try to evade the police. On cross-examination, the State asked Mitchell about his August 1996 conviction for evading arrest—i.e., the prior conviction serving as the enhancing factor for current offense. *See* Tex. Penal Code Ann. § 38.04(b)(1)(A) (providing that offense of evading arrest, normally a misdemeanor, is "a state jail felony if . . . the actor has been previously convicted" of evading arrest). After questions about that prior conviction, the State then started to ask Mitchell about his prior convictions for other crimes, but Mitchell's attorney objected on relevance grounds. At a bench conference, the State's attorney explained that Mitchell's convictions for theft by check and burglary of a coin-operated machine were relevant to impeach Mitchell's credibility as a witness because they were misdemeanors involving moral turpitude. *See* Tex. R. Evid. 609(a) (allowing evidence of misdemeanors involving moral turpitude for purpose of attaching witness's credibility). In response, Mitchell's counsel argued that the probative value of those prior convictions would be outweighed by their prejudicial effect. *See id.* (requiring trial court to determine that the probative value of the impeachment evidence outweighs its prejudicial effect). The trial court ruled that it would allow the State to introduce evidence of the theft-by-check and two of the burglary-of-coin-operated-machine convictions, but "that introduction of all those other [prior convictions] would be—the probative

2

value is substantially outweighed by the prejudicial nature of the introduction of these." This ruling concluded the bench conference between the judge and the attorneys.

The State, resuming its cross-examination, asked Mitchell a series of questions regarding the following exhibits:

- State's Exhibit 4, "Judgment and Sentence" reflecting Mitchell's February 26, 1996 conviction for theft by check;

- State's Exhibit 5, "Judgment and Sentence" reflecting Mitchell's June 10, 2005 conviction for burglary of a coin-operated machine;

- State's Exhibit 6, "Judgment and Sentence" reflecting Mitchell's November 20, 2009 conviction for burglary of a coin-operated machine; and

- State's Exhibit 7, "Judgment and Sentence" reflecting Mitchell's November 20, 2009 conviction for burglary of a coin-operated machine.

Mitchell responded by stating that he could not remember any of these convictions or whether they were his, but he conceded that they may have been his. The State then offered the four exhibits for admission into the evidence and, during a bench conference regarding the scope of the court's previous prior-convictions ruling, the trial court ruled as follows:

| | |
|---|---|
| THE COURT: | At this point I am going to allow 4, 5 and 6. |
| [MITCHELL'S COUNSEL]: | Thank you. |
| THE COURT: | Excuse me, Counsel. Just so the record is clear, there is no objection to 4, 5 and 6? |
| [MITCHELL'S COUNSEL]: | No objection to 4, 5 and 6. |
| (Out of side bar). | |

After some additional cross-examination of Mitchell, during which Mitchell testified that he had not gone onto the parking lots in question and that he had not tried to evade the police, both the State and Mitchell rested and closed their cases. The jury found Mitchell guilty of the felony offense of evading arrest, *see* Tex. Penal Code Ann. § 38.04(b)(1), and assessed punishment at two years' confinement. Mitchell timely filed this appeal.

## DISCUSSION

In his sole issue on appeal, Mitchell asserts that his conviction should be reversed because the district court erred by "allowing in evidence of [Mitchell's] criminal history in violation of Texas Rules of Evidence Rule 609 and 403 and such error was harmful." Specifically, Mitchell asserts that the trial court erred by admitting evidence of his convictions for burglary of a coin-operated machine—i.e., State's exhibits 5 and 6—because the prejudicial effect of that evidence outweighs its probative value.

We review the admission of evidence for an abuse of discretion and can reverse only if the court's ruling is so clearly wrong that it lies outside the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1990) (op. on reh'g). Before we reach the merits of Mitchell's issue, however, we must first determine whether Mitchell preserved his right to complain about the admission of the evidence. *See* Tex. R. App. P. 33.1(a)(1).

Mitchell's counsel objected when the State began asking Mitchell about his prior convictions, and the court overruled the objection by ruling that it would allow the State to introduce the evidence. This objection and ruling would generally be sufficient to preserve error on this issue. *See id.* However, when Mitchell's counsel later affirmatively stated "No objection" to the

4

subsequent offer of the documentary evidence of his prior convictions, Mitchell waived his previous objection and cannot now complain of it on appeal. *See Dean v. State*, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988) ("When an accused affirmatively asserts during trial that he has 'no objection' to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the [prior] ruling."); *see also Holmes v. State*, 248 S.W.3d 194, 201 (Tex. Crim. App. 2008) (noting that prior court of criminal appeals holding that "a defendant waives any complaint on appeal concerning the admissibility of evidence when he affirmatively states, 'No objection,' at the time the evidence is offered, is still good law"); *Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992) ("Appellant's response of 'no objection' waived his claim to admissibility of the challenged evidence."). Accordingly, we overrule Mitchell's sole issue on appeal.

## CONCLUSION

Having overruled Mitchell's sole issue on appeal, we affirm the judgment of conviction.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed: August 31, 2011

Do Not Publish