NO. 07-11-0067-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 30, 2012
_____

HEATHER THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 59,706-A; HONORABLE DAN SCHAAP, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**DISSENTING OPINION**

Immediately following the denial of her motion to suppress, Appellant pleaded guilty to the offense of possession of marijuana.[1]  The trial court accepted her plea and pronounced her guilty.  Because her plea was entered without a recommendation as to punishment, the trial court then convened a separate punishment hearing.  During that hearing the State offered into evidence the laboratory analysis of the marijuana and

_____

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(A), (B)(5) (WEST 2010).

eight related photographs.  In response to that offer Appellant's trial counsel stated, "I don't have any objection to that, your Honor.  [The prosecutor] has been kind enough to let me see them before this afternoon and we have no objections."  The  majority  finds that counsel's statement amounted to a waiver of Appellant's complaints on appeal.  Because I disagree, I respectfully dissent.

While I agree with the proposition that an appellant *may* waive error in the admission of evidence, following the denial of a motion to suppress, when she affirmatively asserts *during trial* that she has "no objection" to the admission of that evidence, *Dean v. State,* 749 S.W.2d 80, 83 (Tex.Crim.App. 1988), I do not believe we should abandon common sense in favor of mechanical application of that principle.  The "no objection" waiver doctrine has been disregarded by appellate courts where the record fairly indicates that the trial judge was not mislead into believing that the defense was actually waiving or otherwise abandoning the complaint previously made to the introduction of that evidence.  *Bouyer v. State*, 264 S.W.3d 265, 268-69 (Tex.App.—San Antonio 2008, no pet.) (trial court held suppression hearing on issue after counsel said "no objection"); *Shedden v. State*, 268 S.W.3d 717, 730 (Tex.App.—Corpus Christi 2008, pet. ref'd) (trial court "expressly represented to [defendant's counsel] that it considered the suppression issue preserved for appeal").  *Accord*, *See* 43A GEORGE E. DIX AND JOHN M. SCHMOLESKY: CRIMINAL PRACTICE AND PROCEDURE § 53:150 (3d ed. 2011) (stating that application of the principles of waiver or forfeiture are "open to doubt" where defense counsel's "no objection" statement might well have been intended by counsel to mean that the defense had no objections beyond those already presented

and rejected and the trial court was not mislead into believing that the defense no longer wished to pursue that objection).

Here, unlike *Dean* and its progeny, the offer of evidence occurred during the *punishment* phase of trial, the issue of guilt having already been decided and pronounced by the Court.[2] At the conclusion of that hearing the following colloquy occurred:

> COURT: Ms. Thomas, you do have a right of appeal. I think you understood that from the paperwork that you presented and the paperwork that you signed, but I need to admonish you again that you do have that right of appeal in both with respect to the decisions of this Court regarding *prior matters* and of course with respect to the sentence the Court imposed.
>
> *  *  *  *  *
>
> DEFENSE COUNSEL: Your Honor, I've visited with Ms. Thomas a little bit earlier. I believe that she would like to give notice of appeal . . . .
>
> COURT: And I presume the principal issue for appeal is the issue of the Court's decision on your Motion to Suppress? I'm not trying to limit you in that regard, but I presume that that's part of the motivation?
>
> DEFENSE COUNSEL: Yes, sir.

From the record before this Court, it appears clear to me that both the trial court and counsel believed that Appellant was not waiving her right to contest the trial court's suppression ruling. Accordingly, in the interests of justice, I would not apply the principle of waiver to the facts of this case. For this reason, I respectfully dissent.

Patrick A. Pirtle
Justice

Do not publish.

---

[2]In this regard I note, Appellant seeks to overturn her *conviction,* not her sentence.

3