NO. 07-11-00067-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 30, 2012

HEATHER THOMAS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 59,706-A; HONORABLE DAN L. SCHAAP, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Heather Thomas, appeals her conviction for possession of marijuana[1] and subsequent sentence of confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for 78 months. Appellant contends that the trial court erred in overruling her motion to suppress the evidence of the search. We will affirm.

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(5) (West 2010).

Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence; therefore, only the facts necessary for our discussion will be recited.

Appellant was stopped by Texas Department of Public Safety Highway Patrolman Enoi Phoutthavong on March 29, 2010, while travelling east on Interstate Highway 40 in Potter County, Texas.  Phoutthavong testified that he observed appellant's vehicle cross over the solid white line on the shoulder of the highway, referred to as the fog line, on two occasions before deciding to stop appellant.  Upon stopping appellant, Phoutthavong noticed that, in his opinion, appellant was extremely nervous.  Phoutthavong stated that appellant's hands were visibly shaking when she retrieved her license.  Phoutthavong stated that the fact that the car was a one-way rental coming from Phoenix, Arizona, also aroused his suspicion.  Additionally, appellant had very little in the way of luggage with her in the passenger compartment.  However, from the food wrappers and containers that could be observed in the front passenger compartment of the vehicle, it was obvious that appellant had eaten while travelling in the car.  After making the above observations, Phoutthavong decided to give appellant a warning ticket.  The warning ticket was presented to appellant before Phoutthavong broached the subject of inspection of the trunk of appellant's vehicle.

Phoutthavong requested permission to search the trunk compartment of the car, and appellant refused to give permission.  Following this exchange, Phoutthavong called for the assistance of a DPS drug canine unit.  According to the testimony at the motion to suppress, the canine unit arrived within a matter of minutes of the request.

After the canine unit arrived, the drug dog alerted to the presence of drugs in the trunk of the car. Upon opening the trunk, the contraband, 227.32 pounds of marijuana, was found beneath a blanket.

Appellant filed a motion to suppress the contraband discovered in the trunk of the car she was driving. The trial court heard the motion to suppress and overruled the same. After the trial court overruled the motion to suppress, appellant entered a plea of guilty to the indictment charging possession of marijuana in an amount of less than 2000 pounds but more than 50 pounds. During the plea proceedings, the State offered State's Exhibits 1 thru 9. When the exhibits were offered, appellant's counsel stated, "I don't have any objection to that, Your Honor. Mr. Martindale has been kind enough to let me see them before this afternoon and we have no objections."

After receiving the plea of guilty and hearing the evidence regarding punishment, the trial court sentenced appellant to 78 months confinement in the ID-TDCJ. This appeal followed. Appellant contends that the trial court erred by denying the motion to suppress because there was neither reasonable suspicion to stop appellant, nor was the action of Phouttavong a reasonable exercise of his community caretaking function. Additionally, appellant alleges that, at the time Phouttavoung issued his warning ticket to appellant, he lacked any reasonable suspicion to detain her any longer. We will overrule appellant's issues and affirm the judgment of the trial court.

## Admission of Exhibits

The contraband in question was the subject of a motion to suppress. The trial court overruled appellant's motion to suppress. Subsequently, appellant entered her

3

plea of guilty. During the punishment portion of the plea, the State offered Exhibits one through nine. As pointed out in the factual and procedural background portion of this opinion, when the State offered the exhibits, appellant's trial counsel affirmatively stated he had no objection. Exhibit 1 was the Department of Public Safety Laboratory Report that detailed the substance seized from appellant was marijuana and weighed 227.32 pounds. When an accused affirmatively asserts at trial that he has no objection to admission of the complained-of items of evidence, he waives any error in its admission. See Jones v. State, 833 S.W.2d 118, 126 (Tex.Crim.App. 1992) (en banc); Dean v. State, 749 S.W.2d 80, 83 (Tex.Crim.App. 1988) (en banc). Appellant's waiver includes any pretrial ruling that may have been previously obtained. See Dean, 749 S.W.2d at 83. Appellant's objection having been waived, nothing is presented for review. See TEX. R. APP. P. 33.1. Having determined that appellant has presented nothing for review, appellant's issues are overruled.

Conclusion

Having overruled all of appellant's issues, the trial court's judgment is affirmed.


Mackey K. Hancock
Justice

Pirtle, J., dissenting.


Do not publish.