Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





PAUL RAMIREZ,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-08-00269-CR

Appeal from
120th District Court

of El Paso County, Texas

(TC # 20080D01417)



 

 

 




O P I N I O N

            Paul Ramirez appeals his conviction of possession of more than fifty pounds but less than
2,000 pounds of marihuana. After a jury found Appellant guilty, the State and Appellant entered into
an agreement regarding punishment. The trial court accepted the agreement and assessed
punishment at imprisonment for ten years. We affirm.
FACTUAL SUMMARY
            On March 17, 2008, Detective Javier Monreal participated in an investigation into the
possession of drugs at an apartment in El Paso. Detectives Sergio Lopez and Joe Molina, and Canine
Officer Gabby Corral and her dog, Barry, also participated in the investigation. Monreal planned to
conduct a knock-and-talk in an effort to make contact with someone at the apartment and obtain
consent to search. When they arrived at the apartment door, Barry immediately alerted to the odor
of narcotics along the lower door seam. The detectives knocked but no one answered at first. The
officers could hear people moving around inside of the apartment and continued to knock. After a
minute or two, Appellant opened the door. Monreal immediately smelled the odor of marihuana
emanating from inside of the apartment. Appellant closed the door behind him and began talking
with the officers.
            Monreal and the other officers identified themselves and Monreal advised Appellant that they
were investigating a tip that marihuana was in the apartment. Monreal then asked Appellant for
consent to search. Appellant refused. Because the detectives could hear other people in the
apartment, Monreal told Appellant that the dog had alerted to the odor of marihuana and they were
going to get a search warrant. Monreal also informed Appellant they were going to do a protective
sweep of the residence to ensure that no one in the apartment had weapons or would remain inside
to destroy the drugs. Appellant told Monreal that a female was inside of the apartment. He also said
that his mother lived in the apartment. The detectives went inside and while announcing their
presence walked through the apartment. Josephine Anchondo walked out into the hallway and the
officers escorted her outside. After they cleared the apartment to determine no one else was there,
the detectives went back outside. They did not conduct any search other than the protective sweep. 
The officers detained Appellant and Anchondo outside of the apartment while Detectives Monreal
and Molina left to obtain the search warrant. While they waited for Monreal to return, Detective
Lopez engaged in “small talk” with Appellant and Anchondo to pass the time. Lopez purposefully
did not ask Appellant any questions related to the investigation. Lopez noted there was a “lot of
silence” during the wait. At one point, Appellant asked him how long it would take to get the
warrant. Lopez replied that he did not know for sure but it would be a while. Appellant then said,
“Well, what if I give you permission to do it right now? It’s right here in the corner. As soon as you
walk in, it’s in the closet.” Lopez told him they were going to wait for the warrant. They waited a
total of two and one-half hours for Monreal to return with the warrant. 
            Monreal prepared a search warrant affidavit and presented it to a magistrate who found
probable cause and issued a search warrant. Monreal returned to the apartment with the search
warrant and conducted the search. They found 213 bundles of marihuana in a closet near the
apartment’s front door. The marihuana weighed almost 230 pounds. After they found the
marihuana, the officers placed Appellant under arrest. During the search, Monreal found evidence
linking Appellant’s mother to the apartment. Monreal advised Appellant that his mother could also
be charged with possession. At that point, Appellant claimed exclusive ownership of the marihuana. 
            Appellant filed a motion to suppress custodial statements made while they were waiting for
Monreal to obtain the search warrant. He also sought to suppress contraband seized from his
residence as a result of the statements he made. At the suppression hearing, the State relied on the
search warrant to justify the search. The trial court granted the motion to suppress a custodial
statement by Appellant admitting the marihuana was his, but the court denied the motion to suppress
Appellant’s statement informing Detective Lopez of the marihuana’s location in the apartment. The
court also found that the search warrant affidavit stated probable cause and was not based on any
statement unlawfully obtained from Appellant. 
MOTION TO SUPPRESS THE MARIHUANA
            In Issue One, Appellant raises two arguments in his challenge to the trial court’s denial of
his motion to suppress the evidence seized from the residence. First, he complains that the search
warrant affidavit does not establish probable cause because it is based solely on the canine alert. 
Second, he maintains the affiant misled the magistrate because he failed to mention that he had
smelled freshly burned marihuana. Citing Franks v. Delaware,


 Appellant urges that the trial court
should have invalidated the warrant. The State first responds that Appellant waived these issues by
stating at trial he had no objection to the admission of the marihuana.
            To preserve error on appeal, the complaining party must make a timely, specific objection
and obtain a ruling on the objection. Tex.R.App.P. 33.1(a); Wilson v. State, 71 S.W.3d 346, 349
(Tex.Crim.App. 2002). A party must continue to object every time inadmissible evidence is offered. 
Ethington v. State, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991); Gillum v. State, 888 S.W.2d 281,
285 (Tex.App.--El Paso 1994, pet. ref’d). Generally, once a pretrial motion to suppress is overruled,
the defendant is not required to object to admission of the same evidence at trial in order to preserve
error for appeal. Livingston v. State, 739 S.W.2d 311, 334 (Tex.Crim.App. 1987). However, when
the objectionable evidence is offered during trial and the defendant affirmatively asserts that he has
“no objection” to its admission, he waives any error in the admission of the evidence despite the
pretrial suppression ruling. Moody v. State, 827 S.W.2d 875, 889 (Tex.Crim.App. 1992); Dean v.
State, 749 S.W.2d 80, 83 (Tex.Crim.App. 1988); Traylor v. State, 855 S.W.2d 25, 26 (Tex.App.-El
Paso 1993, no pet.). When the State offered the marihuana into evidence at trial, Appellant
affirmatively stated, “I have no objection.” Consequently, Appellant’s arguments are waived. We
overrule Issue One.
MOTION TO SUPPRESS APPELLANT’S STATEMENT
            In his second issue, Appellant contends that the trial court erred by not suppressing his
statement regarding the location of the marihuana in the apartment. The trial court found that
Appellant’s statement was not the product of custodial interrogation. 
            The trial court is the sole factfinder at a suppression hearing, and it may believe or disbelieve
all or any part of a witness’s testimony. Amador v. State, 275 S.W.3d 872, 878 (Tex.Crim.App.
2009); State v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). Moreover, at a suppression
hearing, the trial court, like any factfinder, may make reasonable inferences from the evidence
presented. Amador, 275 S.W.3d at 878, State v. Garcia-Cantu, 253 S.W.3d 236, 241
(Tex.Crim.App. 2008).
            A trial court’s ruling on a motion to suppress, like any ruling on the admission of evidence,
is subject to review on appeal for abuse of discretion. Amador, 275 S.W.3d at 878. In other words,
the trial court’s ruling will be upheld if it is reasonably supported by the record and is correct under
any theory of law applicable to the case. Id. at 878-79; Ramos v. State, 245 S.W.3d 410, 417-18
(Tex.Crim.App. 2008). In reviewing a trial court’s ruling on a motion to suppress, appellate courts
must view all of the evidence in the light most favorable to the trial court’s ruling. State v.
Garcia-Cantu, 253 S.W.3d at 241.
            We are to afford almost total deference to a trial court’s express or implied determination of
the historical facts that the record supports especially when the trial court’s fact findings are based
on an evaluation of credibility and demeanor. State v. Ross, 32 S.W.3d at 856; Guzman v. State, 955
S.W.2d 85, 89 (Tex.Crim.App. 1997). We are to afford the same level of deference to a trial court’s
ruling on application of law to fact questions, also known as mixed questions of law and fact, if the
resolution of those ultimate questions turns on an evaluation of credibility and demeanor. State v.
Ross, 32 S.W.3d at 856. We review de novo mixed questions of law and fact not falling within that
category. Id.
            Article 38.22 and Miranda do not apply unless the accused's statement is the result of
custodial interrogation. Tex.Code Crim.Proc.Ann. art. 38.22, § 5 (Vernon 2005); Dowthitt v.
State, 931 S.W.2d 244, 263 (Tex.Crim.App. 1996). Custodial interrogation occurs when a person
in custody is subjected to direct questioning or its functional equivalent, which occurs when police
officers engage in conduct that they know is likely to elicit an incriminating response. Rhode Island
v. Innis, 446 U.S. 291, 300-01, 100 S.Ct. 1682, 1689-90, 64 L.Ed.2d 297 (1980). This definition of
“interrogation” focuses “primarily upon the perceptions of the suspect, rather than the intent of the
police.” Moran v. State, 213 S.W.3d 917, 923 (Tex.Crim.App. 2007), citing Innis, 446 U.S. at 301,
100 S.Ct. 1682 (subjective intent of police officer to obtain incriminating statement not relevant to
determining whether an interrogation has occurred). Off-hand remarks, not designed to elicit any
kind of response, do not constitute interrogation. Innis, 446 U.S. at 303, 100 S.Ct. at 1691.
            Appellant’s statement was not made in response to direct questioning. To the contrary,
Appellant initiated this portion of the conversation by asking how long it would take to obtain a
search warrant. When Lopez replied he did not know for sure, but it would be a while, Appellant
stated: “Well, what if I give you permission to do it right now? It’s right here in the corner. As soon
as you walk in, it’s in the closet.” Lopez told Appellant they were still going to wait for the search
warrant. There is nothing in the record to indicate Lopez answered Appellant’s question with any
intent to cause Appellant to make an incriminating statement. Just as importantly, there is no
evidence that Lopez’s comment caused Appellant to make the incriminating statement regarding
Appellant’s knowledge of the marihuana in his apartment closet. Lopez simply gave a direct answer
to the question asked of him. The trial court correctly concluded that Appellant’s statement was not
the product of custodial interrogation or its functional equivalent. We overrule Issue Two and affirm
the judgment of the trial court.

June 23, 2010                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)