COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-134-CR

 

 

DAVID GLENN SMITH                                                                       APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction

Appellant
David Glenn Smith appeals his conviction for aggravated robbery, contending in
four issues that the trial court erred by admitting evidence he claims the
police illegally seized from his apartment and by refusing to include an
article 38.23 instruction in the jury charge. 
We affirm.








II. 
Factual and Procedural Background

James
AShorty@
Nixon was re-stocking the beer cooler at the Hattie Food Store in Fort Worth
when Smith, a regular customer, walked behind the counter and shot the cashier,
Mike Hamd, six times.  Shorty emerged
from the cooler just before the first two shots were fired but went back again
after Smith threatened to shoot him, too. 
Smith shot Mike four more times before leaving with Mike=s
cell phone, cash from Mike=s
pocket, the store=s telephone, and cash from
the safe.

The
police arrived within minutes.  Shorty
and Mike both knew Smith by his nickname, ALittle
D.@  Shorty also knew where Smith lived, and he
led officers to Smith=s apartment, two blocks
away.

Officer
Thompson covered the back door as Officer J.C. Williams knocked hard on the
front, causing it to swing open.  Smith
darted from the living room down the hallway and ducked into a bedroom.  Officers Williams, Ricks, and Fincher swept
into the apartment and extracted Smith from under a bed.  On top of the bed lay an empty holster and a
baseball cap that Smith had been wearing as he ran down the hall, and that
matched the description Shorty had given earlier to the police.  The officers arrested Smith, secured the
apartment, and then, after obtaining a search warrant, seized the cap and
holster from the bed, and a wad of cash from a table in the living room.








Smith
was charged with aggravated robbery.  At
a pretrial hearing, the trial court overruled his motion to suppress the
baseball cap, holster, and cash seized from the apartment.  At trial, as the State offered each of these items
in evidence, Smith=s attorney stated that he
had Ano
objection.@  The jury returned a guilty verdict and
assessed Smith=s
punishment at forty-five years=
confinement.  The trial court sentenced
him accordingly.

III. 
Evidence Seized From Smith=s
Apartment

In
Smith=s
first three issues, he contends that the trial court erred by denying his
motion to suppress the baseball cap, holster, and cash seized from his
apartment because the police entered his apartment illegally.  Specifically, he claims that the trial court
should have suppressed these items because the officers= warrantless
entry into his apartment violated the Fourth and Fourteenth Amendments to the
United States Constitution, article 1, section 9 of the Texas constitution, and
chapter 14 of the code of criminal procedure. 
However, by stating Ano
objection@
when these items were offered in evidence, Smith has forfeited his claims for
review.








Ordinarily,
by filing a motion to suppress, a defendant preserves his right to complain of
the admission of evidence at trial even if he fails to object when that
evidence is introduced.  James v.
State, 772 S.W.2d 84, 97 (Tex. Crim. App.) (holding that review of trial
court=s
ruling on admissibility of evidence made outside jury=s
presence is forfeited if defendant affirmatively asserts that he has Ano
objection@
when evidence is offered), vacated on other grounds, 493 U.S. 885
(1989); Dean v. State, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988); Moraguez
v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); Gearing v. State,
685 S.W.2d 326, 329 (Tex. Crim. App. 1985), overruled on other grounds by
Woods v. State, 956 S.W.2d 33, 36B38
(Tex. Crim. App. 1997); Williams v. State, No. 02-07-00095-CR, 2008 WL
1932110, at *1 (Tex. App.CFort Worth May 1, 2008, no
pet.) (mem. op., not designated for publication).  However, when the defendant=s
attorney affirmatively states that there is no objection to the admissibility
of the evidence when it is introduced at trial, he forfeits his right to complain
of its admission on appeal.  Dean,
749 S.W.2d at 83; Moraguez, 701 S.W.2d at 904; Gearing, 685
S.W.2d at 329.

At
the pretrial hearing, the trial court overruled Smith=s
motion to suppress the baseball cap, holster, and cash seized from his
apartment.  During trial, the State
offered the cap, holster, and a photograph of the cash resting on a table in
Smith=s
apartment as State=s Exhibits 6A, 7A, and 21,
respectively.  As the State offered each
of these exhibits, Smith=s attorney stated that he
had Ano
objection.@  By affirmatively stating that he had Ano
objection@ to
each of these exhibits, Smith has forfeited his right to complain about their
admission on appeal.  See Dean,
749 S.W.2d at 83; Moraguez, 701 S.W.2d at 904; Gearing, 685
S.W.2d at 329.  Accordingly, we overrule
Smith=s
first three issues.[2]








IV. 
Article 38.23 Instruction

In
his fourth issue, Smith contends that the trial court erred by refusing his
request to include in the jury charge an instruction based on code of criminal
procedure article 38.23.[3]

Appellate
review of error in a jury charge involves a two-step process.  Abdnor v. State, 871 S.W.2d 726, 731
(Tex. Crim. App. 1994); see also Sakil v. State, 287 S.W.3d 23, 25B26
(Tex. Crim. App. 2009).  Initially, we
must determine whether error occurred. 
If so, we must then evaluate whether sufficient harm resulted from the
error to require reversal.  Abdnor,
871 S.W.2d at 731B32.  

Article
38.23(a) states:

(a)
No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State of Texas, or of the
Constitution or laws of the United States of America, shall be admitted in
evidence against the accused on the trial of any criminal case.








In
any case where the legal evidence raises an issue hereunder, the jury shall be
instructed that if it believes, or has a reasonable doubt, that the evidence
was obtained in violation of the provisions of this Article, then and in such
event, the jury shall disregard any such evidence so obtained.

 

Tex. Code Crim. Proc. Ann.
art. 38.23(a) (Vernon 2005).








The
court of criminal appeals has held that the second sentence of article 38.23
requires a jury instruction only if there is a genuine dispute about a fact
that is material to the admissibility of the challenged evidence.  See Oursbourn v. State, 259 S.W.3d
159, 177 (Tex. Crim. App. 2008); Holmes, 248 S.W.3d at 199; Madden v.
State, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007); Pierce v. State,
32 S.W.3d 247, 251 (Tex. Crim. App. 2000). 
A defendant must establish three foundation requirements to trigger an article
38.23 instruction:  (1) the evidence
heard by the jury must raise an issue of fact; (2) the evidence on that fact
must be affirmatively contested; and (3) the contested factual issue must be
material to the lawfulness of the challenged conduct in obtaining the evidence
claimed to have been seized illegally.  See
Oursbourn, 259 S.W.3d at 177; Madden, 242 S.W.3d at 510.  The defendant must offer evidence that, if
credited, would create a reasonable doubt as to a specific factual matter
essential to the admissibility of the challenged evidence.  See Oursbourn, 259 S.W.3d at 177; Madden,
242 S.W.3d at 510; 40 George E. Dix & Robert O. Dawson, Texas
Practice:  Criminal Practice and
Procedure '
4.194 (2d ed. 2001).  This factual
dispute can be raised only by affirmative evidence, not by mere
cross-examination questions or argument. 
Oursbourn, 259 S.W.3d at 177; Madden, 242 S.W.3d at 513
nn. 22B23.  The jury is to decide only the disputed
factual issueCe.g.,
did the officer hold a gun on the defendant=s
head to extract a confession.  Oursbourn,
259 S.W.3d at 177.  If there is no disputed
factual issueCe.g.,
if there is a video definitively showing that the officer did or did not hold a
gun to the defendant=s headCthe
legality of the conduct is determined by the trial judge alone, as a question
of law.  The legal question would never
go to the jury.  Oursbourn, 259
S.W.3d at 177B78.

Here,
as the following discussion between defense counsel and the trial court
illustrates, Smith presented no factual issue for the jury to decide regarding
the officers=
entry into Smith=s apartment:

MR.
GORDON:  I have a special request that
the Court charge the jury on Article 38.23 concerning whether the items seized
from David=s apartment without a
warrant were illegally seized and, therefore C

 

THE COURT: 
What factual issue is the jury to determine?

 

MR. GORDON: 
The factual issue is that the entry into the apartment C 

 

THE COURT: 
No, that=s a legal issue.  What=s the factual issue C

 

MR. GORDON: 
The factual issue.  Sorry.  The facts are that C

 

THE
COURT:  I know what the facts are.  What is the issue that they are to
determine?  Only issues of fact can be
determined by the jury.

 

MR.
GORDON:  The seizure of the money and the
seizure of the hat.  It=s our contention that
those are subject to a 38.23 admonition.

 

THE COURT:  That=s
denied.








Our
review of the record leads us to hold that the trial court correctly
ascertained that the issue Smith presented was solely one of law, i.e., whether
the seizure of the challenged evidence was permissible under constitutional and
statutory law.  Because Smith presented
no factual issue for the jury to resolve material to the admissibility
of the evidence he sought to exclude, the trial court correctly refused Smith=s
requested 38.23 instruction.  See id.  Accordingly, Smith=s
fourth issue is overruled.

V. 
Conclusion

Having
overruled all of Smith=s issues, we affirm the
trial court=s
judgment.

 

PER
CURIAM

 

PANEL:  MCCOY, DAUPHINOT, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 8, 2010











[1]See Tex. R. App. P.
47.4.





[2]Even if Smith had not
forfeited his claims, and if we were to assume that the trial court erred by
admitting the evidence seized from Smith=s apartment, we would hold beyond a
reasonable doubt that its admission had no effect on the verdict because the
jury heard two eyewitnesses testify that they knew Smith and that they saw him
take cash and telephones from the store after shooting the clerk.  Moreover, Smith conceded the issue of his
identity by taking the stand in his own defense and admitting that he shot
Mike; he only contested the evidence that he stole anything.  Although the money seized from the table is
arguably some evidence of theft, it is inconsequential given that two
eyewitnesses testified that Smith took Mike=s cell phone, Mike=s cash, the store=s telephone, and cash
from the safe.  See Tex. R. App.
P. 44.2(a).





[3]Although a defendant
who affirmatively states, Ano objection,@ when evidence is
offered forfeits his right to complain on appeal that the evidence was
illegally obtained under article 38.23, he may still request and receive a jury
instruction under article 38.23 if the evidence raises a contested factual
issue that is material to the lawfulness of obtaining the evidence.  Holmes v. State, 248 S.W.3d 194, 196
(Tex. Crim. App. 2008).