

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

**NO. 2-09-134-CR**

DAVID GLENN SMITH                                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant David Glenn Smith appeals his conviction for aggravated robbery, contending in four issues that the trial court erred by admitting evidence he claims the police illegally seized from his apartment and by refusing to include an article 38.23 instruction in the jury charge. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

James "Shorty" Nixon was re-stocking the beer cooler at the Hattie Food Store in Fort Worth when Smith, a regular customer, walked behind the counter and shot the cashier, Mike Hamd, six times. Shorty emerged from the cooler just before the first two shots were fired but went back again after Smith threatened to shoot him, too. Smith shot Mike four more times before leaving with Mike's cell phone, cash from Mike's pocket, the store's telephone, and cash from the safe.

The police arrived within minutes. Shorty and Mike both knew Smith by his nickname, "Little D." Shorty also knew where Smith lived, and he led officers to Smith's apartment, two blocks away.

Officer Thompson covered the back door as Officer J.C. Williams knocked hard on the front, causing it to swing open. Smith darted from the living room down the hallway and ducked into a bedroom. Officers Williams, Ricks, and Fincher swept into the apartment and extracted Smith from under a bed. On top of the bed lay an empty holster and a baseball cap that Smith had been wearing as he ran down the hall, and that matched the description Shorty had given earlier to the police. The officers arrested Smith, secured the apartment, and then, after obtaining a search warrant, seized the cap and holster from the bed, and a wad of cash from a table in the living room.

Smith was charged with aggravated robbery. At a pretrial hearing, the trial court overruled his motion to suppress the baseball cap, holster, and cash seized

2

from the apartment. At trial, as the State offered each of these items in evidence, Smith's attorney stated that he had "no objection." The jury returned a guilty verdict and assessed Smith's punishment at forty-five years' confinement. The trial court sentenced him accordingly.

### III. Evidence Seized From Smith's Apartment

In Smith's first three issues, he contends that the trial court erred by denying his motion to suppress the baseball cap, holster, and cash seized from his apartment because the police entered his apartment illegally. Specifically, he claims that the trial court should have suppressed these items because the officers' warrantless entry into his apartment violated the Fourth and Fourteenth Amendments to the United States Constitution, article 1, section 9 of the Texas constitution, and chapter 14 of the code of criminal procedure. However, by stating "no objection" when these items were offered in evidence, Smith has forfeited his claims for review.

Ordinarily, by filing a motion to suppress, a defendant preserves his right to complain of the admission of evidence at trial even if he fails to object when that evidence is introduced. *James v. State,* 772 S.W.2d 84, 97 (Tex. Crim. App.) (holding that review of trial court's ruling on admissibility of evidence made outside jury's presence is forfeited if defendant affirmatively asserts that he has "no objection" when evidence is offered), *vacated on other grounds,* 493 U.S. 885 (1989); *Dean v. State*, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988); *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); *Gearing v. State*, 685 S.W.2d

3

326, 329 (Tex. Crim. App. 1985), *overruled on other grounds by Woods v. State*, 956 S.W.2d 33, 36–38 (Tex. Crim. App. 1997); *Williams v. State*, No. 02-07-00095-CR, 2008 WL 1932110, at *1 (Tex. App.—Fort Worth May 1, 2008, no pet.) (mem. op., not designated for publication). However, when the defendant's attorney affirmatively states that there is no objection to the admissibility of the evidence when it is introduced at trial, he forfeits his right to complain of its admission on appeal. *Dean*, 749 S.W.2d at 83; *Moraguez*, 701 S.W.2d at 904; *Gearing*, 685 S.W.2d at 329.

At the pretrial hearing, the trial court overruled Smith's motion to suppress the baseball cap, holster, and cash seized from his apartment. During trial, the State offered the cap, holster, and a photograph of the cash resting on a table in Smith's apartment as State's Exhibits 6A, 7A, and 21, respectively. As the State offered each of these exhibits, Smith's attorney stated that he had "no objection." By affirmatively stating that he had "no objection" to each of these exhibits, Smith has forfeited his right to complain about their admission on appeal. *See Dean*, 749 S.W.2d at 83; *Moraguez*, 701 S.W.2d at 904; *Gearing*, 685 S.W.2d at 329. Accordingly, we overrule Smith's first three issues.[2]

---

[2] Even if Smith had not forfeited his claims, and if we were to assume that the trial court erred by admitting the evidence seized from Smith's apartment, we would hold beyond a reasonable doubt that its admission had no effect on the verdict because the jury heard two eyewitnesses testify that they knew Smith and that they saw him take cash and telephones from the store after shooting the clerk. Moreover, Smith conceded the issue of his identity by taking the stand in his own defense and admitting that he shot Mike; he only contested the evidence that he stole anything.

4

## IV. Article 38.23 Instruction

In his fourth issue, Smith contends that the trial court erred by refusing his request to include in the jury charge an instruction based on code of criminal procedure article 38.23.[3]

Appellate review of error in a jury charge involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see also Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009). Initially, we must determine whether error occurred. If so, we must then evaluate whether sufficient harm resulted from the error to require reversal. *Abdnor*, 871 S.W.2d at 731–32.

Article 38.23(a) states:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this

---

Although the money seized from the table is arguably some evidence of theft, it is inconsequential given that two eyewitnesses testified that Smith took Mike's cell phone, Mike's cash, the store's telephone, and cash from the safe. *See* Tex. R. App. P. 44.2(a).

[3] Although a defendant who affirmatively states, "no objection," when evidence is offered forfeits his right to complain on appeal that the evidence was illegally obtained under article 38.23, he may still request and receive a jury instruction under article 38.23 if the evidence raises a contested factual issue that is material to the lawfulness of obtaining the evidence. *Holmes v. State*, 248 S.W.3d 194, 196 (Tex. Crim. App. 2008).

Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005).

The court of criminal appeals has held that the second sentence of article 38.23 requires a jury instruction only if there is a genuine dispute about a fact that is material to the admissibility of the challenged evidence. *See Oursbourn v. State*, 259 S.W.3d 159, 177 (Tex. Crim. App. 2008); *Holmes,* 248 S.W.3d at 199; *Madden v. State,* 242 S.W.3d 504, 510 (Tex. Crim. App. 2007); *Pierce v. State*, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000). A defendant must establish three foundation requirements to trigger an article 38.23 instruction: (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence claimed to have been seized illegally. *See Oursbourn*, 259 S.W.3d at 177; *Madden*, 242 S.W.3d at 510. The defendant must offer evidence that, if credited, would create a reasonable doubt as to a specific factual matter essential to the admissibility of the challenged evidence. *See Oursbourn*, 259 S.W.3d at 177; *Madden*, 242 S.W.3d at 510; 40 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 4.194 (2d ed. 2001). This factual dispute can be raised only by affirmative evidence, not by mere cross-examination questions or argument. *Oursbourn*, 259 S.W.3d at 177; *Madden*, 242 S.W.3d at 513 nn. 22–23. The jury is to decide only the disputed

6

factual issue—e.g., did the officer hold a gun on the defendant's head to extract a confession. *Oursbourn*, 259 S.W.3d at 177. If there is no disputed factual issue—e.g., if there is a video definitively showing that the officer did or did not hold a gun to the defendant's head—the legality of the conduct is determined by the trial judge alone, as a question of law. The legal question would never go to the jury. *Oursbourn*, 259 S.W.3d at 177–78.

Here, as the following discussion between defense counsel and the trial court illustrates, Smith presented no factual issue for the jury to decide regarding the officers' entry into Smith's apartment:

> MR. GORDON: I have a special request that the Court charge the jury on Article 38.23 concerning whether the items seized from David's apartment without a warrant were illegally seized and, therefore —
>
> THE COURT: What factual issue is the jury to determine?
>
> MR. GORDON: The factual issue is that the entry into the apartment —
>
> THE COURT: No, that's a legal issue. What's the factual issue —
>
> MR. GORDON: The factual issue. Sorry. The facts are that —
>
> THE COURT: I know what the facts are. What is the issue that they are to determine? Only issues of fact can be determined by the jury.
>
> MR. GORDON: The seizure of the money and the seizure of the hat. It's our contention that those are subject to a 38.23 admonition.
>
> THE COURT: That's denied.

Our review of the record leads us to hold that the trial court correctly ascertained that the issue Smith presented was solely one of law, i.e., whether the

7

seizure of the challenged evidence was permissible under constitutional and statutory law. Because Smith presented no *factual* issue for the jury to resolve material to the admissibility of the evidence he sought to exclude, the trial court correctly refused Smith's requested 38.23 instruction. *See id.* Accordingly, Smith's fourth issue is overruled.

## V. Conclusion

Having overruled all of Smith's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 8, 2010